UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-cr-210 (DLF) |
| : | |
| MITCHELL BOSCH, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL OBJECTION TO GOVERNMENT TRIAL EXHIBIT 106

The United States of America respectfully files this response to the Defendant's Supplemental Objection to Government Trial Exhibit 106. The exhibit is relevant because it shows that a civil disorder occurred on January 6, 2021, as that term is used in 18 U.S.C. § 231(a)(3), and because it shows that the Capitol grounds were posted, cordoned off, or otherwise restricted, as required for the charges under 18 U.S.C. § 1752. The defendant's objection therefore lacks merit, and the Court should reject it for the reasons discussed below.

Government Exhibit 106 is a 6-minute compilation video providing an overview of the damage and violence on the west side of the U.S. Capitol on January 6, 2021. The exhibit provides crucial context for the events of January 6. *See United States v. Crawford*, No. 23-cr-526 (JEB), 2024 WL 1908799 (D.D.C. May 1, 2024) (admitting compilation video and explaining that the "government must generally be given leeway to place a defendant's actions into context and to assist the jury in organizing and evaluating evidence that is factually complex and fragmentally revealed" (cleaned up)); *see also United States v. Stedman*, No. 21-cr-383 (BAH), 2023 WL 3303818, at *1 (D.D.C. May 8, 2023) ("general evidence about the events on January 6—*even if defendant did not personally observe all of the conduct engaged in by others in multiple parts of*

1

*the Capitol Building and restricted grounds*—assists the jury in better understanding the parties' actions that day and thus the alleged criminal conduct of defendant." (emphasis added)).

As the Court recognized at the parties' pretrial conference, the specific charges the defendant faces also require general evidence of the events of January 6, 2021. First, the compilation video is highly probative of the existence of a civil disorder, which the government must prove under Count One (18 U.S.C. § 231(a)(3)). A civil disorder is defined as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1). Thus, the video's depiction of destruction and assaults on law enforcement—including on the west side of the Capitol where the defendant entered the restricted area—is part of the government's proof that a civil disorder existed within the meaning of section 231(a)(3).

Second, to convict the defendant on Count One, the government must also prove that the civil disorder—not the defendant himself—obstructed, delayed, or adversely affected a federally protected function, such as the U.S. Capitol Police's protection of the Capitol and its occupants. *See* 18 U.S.C. § 231(a)(3). This element intrinsically broadens the scope of relevant evidence beyond the defendant's conduct to the conduct of the civil disorder's other participants. The jury is therefore entitled to receive evidence of how the riot disrupted federally protected functions, including the protection of the Capitol and the Vice President.

Third, as courts in this district have explained, "the rioters' collective action is relevant to proving that Defendant disrupted Congress" in violation of 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D), which Bosch is charged with in Counts Four and Six. *United States v. Zink*, No. 21-cr-191 (JEB), 2023 WL 5206143, at *3 (D.D.C. Aug. 14, 2023). By entering the restricted area

and assaulting police officers, the defendant incrementally increased the chaos in the building, making it more difficult for the police to restore order and directly contributing to the disruption of Congress' work—even if he only remained there for approximately twenty minutes. *See United States v. Alford*, 89 F.4th 943, 953 (D.C. Cir. 2024) ("[Defendant's] entry into the Capitol—alongside dozens of others—directly contributed to the Congress's need to recess to ensure the safety of its members. Indeed, entering the Capitol as part of a crowd rather than as a lone individual magnified the disruptiveness of his presence. Each additional person, no matter how modestly behaved, increased the chaos within the building, the police's difficulty in restoring order and the likelihood of interference with the Congress's work"); *United States v. Rivera*, 607 F. Supp. 3d 1, 9 (D.D.C. 2022) (defendant disrupted Congress by contributing to overall riot that "collectively disrupted Congressional proceedings").

Fourth, regarding the relevance of specific portions of the video:

- **Timestamp 2:23-5:41**:  A crucial part of understanding January 6, and the full scope of the civil disorder the government must prove, is knowing that the rioters actually entered the Capitol building and did so in such a manner as to disrupt government business. The government does not plan to show any other video footage of rioters inside of or entering the Capitol building, other than a brief video of internal CCTV footage of former Vice President Pence being evacuated down a stairwell. While the defendant protests that this footage "is entirely of events inside the Capitol," the only footage from inside the Capitol are from cameras pointed *outwards* toward the Senate Wing and Parliamentarian Doors. Both the Senate Wing Door and Parliamentarian Doors are situated around the Northwest Courtyard—a critical location where the defendant *was* present. Thus, the footage shows

3

rioters entering through doors close to where the defendant was on the Upper West Terrace. There is no footage, for example, of the Rotunda, Crypt, Senate Chamber, etc.

- **Timestamp 5:41-5:52:** As the Court notes, the first of the defendant's alleged assaults occurs near this door after rioters are expelled from inside. And without this footage, the jury would miss a key contextual detail: officers could not push forward to clear the Upper West Terrace until the door shown during this timeframe was secured by police, which this portion of the video demonstrates.

- **Radio runs from 0:14-2:00**: The radio runs describe the movements of the rioters and the various breaches of police lines as they happened and provide quintessential context which cannot be captured by merely showing images with no sound.

For these reasons the government urges the Court to admit the full compilation video.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

DATED: November 9, 2024    By: */s/ Matthew E. Vigeant*
                    MATTHEW E. VIGEANT
                    Assistant United States Attorney
                    D.C. Bar No. 144722
                    U.S. Attorney's Office for the District of Columbia
                    601 D Street, N.W.,
                    Washington, D.C. 20530
                    (202) 252-2423
                    Matthew.Vigeant@usdoj.gov

                    ANDREW J. TESSMAN
                    Assistant United States Attorney
                    West Virginia Bar No. 13734
                    300 Virginia Street
                    Charleston, WV 25301
                    (304) 345-2200
                    Andrew.Tessman@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 9th day of November 2024, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

/s/ *Matthew E. Vigeant*
MATTHEW E. VIGEANT
Assistant United States Attorney
D.C. Bar No. 144722
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.,
Washington, D.C. 20530
Phone: (202) 252-2423
Email: Matthew.Vigeant@usdoj.gov